**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA SEARCH WARRANT**

**FOR THE ENTIRE PREMISES KNOWN AS 6101 16th STREET NORTHWEST, WASHINGTON, D.C. APT. 609. THIS APARTMENT BUILDING IS DESCRIBED AS A TAN BRICK BUILDING MULTI UNIT APARTMENT COMPLEX WITH DOUBLE GLASS ENTRANCE DOORS. APARTMENT UNIT 609 IS LOCATED ON THE SIX FLOOR OF THE COMPLEX, WITH A GREEN METAL ENTRANCE DOOR WITH THE NUMERALS 609 AFFIXED TO THE ENTRANCE DOOR.**

**Your Affiant, Detective Samuel Woodson is currently a sworn member of the Metropolitan Police Department and has been so since December 1980. Your Affiant is currently assigned to the Diversion Investigative Unit of the Narcotics and Special Investigations Division.**

**During this time, your Affiant has participated in various narcotics operations by virtue of investigating violations of narcotics offenses as defined by Federal Narcotics and the Laws of the District of Columbia, including, but not limited to: investigations involving the diversion of licit drugs to illicit markets, physicians, pharmacists, nurses, patients who have illegally prescribed, dispensed, obtained controlled substances by fraud, forgery, misrepresentation, deception, undercover operations involving the purchases and seizures of pharmaceutical drugs, cocaine, opiates, phencyclidine, and marijuana; street level investigations of narcotics purchasers and distributors; general investigations of narcotics distributors; numerous applications of Superior Court Search and Arrest Warrants and has participated in the execution of hundreds narcotic related search warrants.**

**The information contained within this affidavit is based on personal knowledge, information provided to your affiant by sworn officers, information obtained from public records, and other sources as indicated herein.**

**On March 28, 2006 a United States of America District Court Federal Grand Jury for the District of Columbia returned a sixty two count indictment charging Ricardo Francisco Henry with Health Care Fraud in violation of Title 18 U.S.C. 1347. Based on this Federal indictment Magistrate Judge John Facciola of the United States of America District Court for the District of Columbia issued an un-numbered United States of America Federal Arrest Warrant, authorizing the arrest of Ricardo Francisco Henry.**

**On March 29, 2006 your affiant accompanied by members of the Federal Bureau of Investigation, Medicaid Fraud Control Unit, and Detective Glenn Kline of the Metropolitan Police Department went to 6101 16th Street North West Washington, D.C. Apt. 609 the known residence of Ricardo Francisco Henry. The above Law**

Enforcement personnel knocked on the door of apartment 609. After waiting, the above Law Enforcement personnel attempted to gained access to apartment 609 with a key to the entrance door however, was unable to do so as a result of a chain lock attached to the entrance door. The entrance team cut the chain to the door and gained total access to apartment 609. Once inside apartment 609 Ricardo Francisco Henry was located and arrested in the rear bedroom of the apartment. Special Agent Jim Markovich of the Federal Bureau of Investigation asked Francisco Henry if he had any form of identification, such as a driver's license. Francisco Henry informed S/A Markovich he did, and Francisco Henry gave S/A Markovich permission to retrive his wallet from the top drawer of the night stand adjacent to his bed. S/A Jim Markovich opened the top drawer of the night stand and observed a dark colored hand gun, housed in a dark colored holster. S/A Markovich asked Francisco Henry if he had any other weapons in his home, and Francisco Henry admitted he did. In addition a large safe and two locked brief cases were discovered in plain view during the course a protective sweep of the premise. Further observed in plain view was a computer (CPU) in the living room area of the apartment.

Your affiant queried the Metropolitan Police Department Washington Area Law Enforcement System (W.A.L.E.S.) and determined Ricardo Henry has a valid District of Columbia Drivers' Permit reflecting his home address is 6101 16th Street North West Washington, D.C. #609. In addition Ricardo Henry has two vehicles registered with the District of Columbia Department of Motor Vehicle Administration that are registered to 6101 16th Street North West Washington, D.C. One of the vehicles is a 2001 Porsche 911 Carrera with District of Columbia license plate number CJ6543, VIN WPOCA299X1S650435. Ricardo Henry has owned that vehicle since November 30, 2000. Your affiant has examined a copy of the bill of sale showing Ricardo Henry's purchase of the above-mentioned vehicle on November 30, 2000.

Your affiant has determined that Ricardo Henry filed a bankruptcy petition in United States District Court for the District of Columbia on August 18, 2005. Attached to that petition, Ricardo Henry listed his personal property on Schedule B, which directs the petitioner to list "all personal property of the debtor of any kind." Under "automobiles," Ricardo Henry listed a 1999 Chevrolet Tracker, and assessed its value at $5,000. He did not list the 2001 Porsche 911 Carrera on Schedule B, or anywhere else in his bankruptcy petition. On January 24, 2006, Ricardo Henry received an order from the bankruptcy court discharging him of over $80,000 of credit card debt. On March 10, 2006, the bankruptcy case was closed. At the time of his arrest on March 29, 2006, Ricardo Henry was in possession of the 2001 Porsche Carrera, which was parked in his parking space at 6101 16th Street North West Washington D.C. This was confirmed by a W.A.L.E.S. check in which the license plate number CJ6543 registered to Ricardo Henry, and the VIN number associated with that license plate number matched the VIN number for the above-mentioned Porsche.

On March 28, 2006 Special Agent Jim Markovich interviewed the property manager of 6101 16th Street North West Washington, D.C. in reference to Ricardo Francisco Henry affiliation with 6101 16th Street North West Washington, D.C.  The property manager informed S/A Markovich that a Ricardo Francisco Henry currently leases apartment 609 of 6101 16th Street N.W. Washington, D.C.  S/A Markovich showed this property manager a photograph of Ricardo Henry, and the identified the person in the photo as Ricardo Henry the lessee of apartment 609.

## SEARCHING COMPUTERS

In addition, based upon my training, knowledge and experience, and the experience of the MPD computer experts with whom I have spoken, I know that in order to completely and accurately retrieve data maintained in computer hardware or on computer software, to insure the accuracy and completeness of such data, and to prevent the loss of the data either from accidental or programmed destruction, it is often necessary that some computer equipment, peripherals, related instructions in the form of manuals and notes, and the software utilized to operate such a computer, be seized and subsequently processed by a qualified computer specialist in a laboratory or other controlled environment. This is true because of the following:

(A)    The volume of evidence. Computer storage devices (such as hard disks, diskettes, tapes, laser disks, Bernoulli drives, etc.) can store the equivalent of thousands of pages of information. Additionally, a user may seek to conceal criminal evidence; for example, he or she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of criminal activity. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data analysis "on-site".

(B)    Technical requirements. Analyzing computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications. Thus, it is difficult to know prior to the search which expert possesses sufficient specialized skills to best analyze the system and its data. Regardless of which system is used, data analysis protocols are exacting scientific procedures, designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction (both from external sources or from destructive code embedded in the system as a "booby trap"), a controlled environment is essential to its complete and accurate analysis.

It is anticipated that computers will need to be removed from the subject premises, and in order to fully retrieve data from those computers, investigators must seize all magnetic storage devices, as well as the central processing units (CPUs) and applicable keyboards and monitors which are an integral part of the processing unit. If, after inspecting the input/output devices, software, documentation, and data security devices, it becomes apparent that these items are no longer necessary to retrieve and preserve the data evidence, the government will return them within a reasonable time.

The analysis of electronically stored data, whether performed on site or in a laboratory or other controlled environment, is a time-consuming task, which may entail any or all of several different techniques. Such techniques may include, but shall not be limited to, surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the marking it contains and opening a drawer capable of containing pertinent files, in order to locate the evidence and instrumentalities authorized for seizure by the warrant); "opening" or reading the first few "pages" of such files in order to determine their precise contents; "scanning" storage areas to discover and possibly recover deleted data; scanning storage areas for hidden files; or performing electronic "key-word" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

## CONCLUSION

Your Affiant further states that based upon the information set above and his years of experience as an investigator of fraud that fraudsters today use computers and other electronic storage methods to archive information kept in the daily course of business, e.g., calendars, appointment books, spread sheets, schedules, payment records, bank account information, and insurance information and therefore, there is probable cause to believe that the items listed in Attachment B of this Affidavit may be found on the premises and in the files, computers and/or other storage media at the residence of Mr. Ricardo Henry. Your Affiant therefore requests the issuance of a search warrant for those premises, which are more fully described in Attachment A to this Affidavit.

## Probable Cause

Based upon the facts and circumstances described herein, there is probable cause to believe that Ricardo Francisco Henry has engaged in a long-standing, ongoing pattern of criminal activity, the illegal possession of firearms and bankruptcy fraud.

Based on your affiant's experiences and knowledge as a drug diversion investigator bankruptcy fraudsters and possessors of illegal firearms such as Ricardo Francisco Henry commonly keep in their residences:

(a) Business and personal checks, checking, savings and other financial institution account statements, deposit, withdrawal and ATM slips, credit/debit card slips and statements, credit/financing applications and statements, credit identifications, account numbers, purchase records for supplies or equipment, access numbers, storage facility rental agreements and/or contracts, keys to storage lockers, US Mail depository access keys, any photographs of known or unknown persons and co-conspirators, correspondence with or related to other co-conspirators, financial instruments.

(b) Computer or other electronically or magnetically stored data concerning the above information, together with all software programs and manuals and peripheral hardware used to manipulate or retrieve such data located at the premises including but not limited to: desktop computers, laptop computers, Palm Pilots or other hand-held computing devices, central processing units (CPUs), servers, internal and external hard drives and floppy disk drives, Zip drives and Zip disks and any other data compression storage devices, other tape storage devices, and other hardware used to retrieve, manipulate, store, access or print information.

(c) Cash, and other items of value, and other indicia of proceeds of criminal activity.

(d) Firearms, including but not limited to handguns, rifles, long guns, shotguns, ammunition, holster, or any other objects related to firearms including but not limited to registration records.

(e) Automotive records relating to the Porsche 911, including but not limited to records relating to car insurance and maintenance records.

**Your affiant believe that the items depicted above are contained in Ricardo Francisco Henry residence located at 6101 16th Street Apt. 609, N.W. Washington, D.C. and respectfully request A United States District Court for the District of Columbia search warrant be issued for the entire premises of 6101 16th Street N.W. Washington, D.C. Apt. 609 for the search and seizure of items listed in Attachment (A) of the affidavit.**

**Samuel L. Woodson**

**Metropolitan Police Department
Narcotics and Special Investigations**

**Sworn and subscribe before me this_____day of March 2006.**

_____

**United States Magistrate Judge
District of Columbia**

**ATTACHMENT A**

**Description of Premises to be Searched**

**THE ENTIRE PREMISES KNOWN AS 6101 16th STREET NORTHWEST, WASHINGTON, D.C. APT. 609. THIS APARTMENT BUILDING IS DESCRIBED AS A TAN BRICK BUILDING MULTI UNIT APARTMENT COMPLEX WITH DOUBLE GLASS ENTRANCE DOORS. APARTMENT UNIT 609 IS LOCATED ON THE SIX FLOOR OF THE COMPLEX, WITH A GREEN METAL ENTRANCE DOOR WITH THE NUMERALS 609 AFFIXED TO THE ENTRANCE DOOR.**

## ATTACHMENT B

Evidence of the commission of criminal offenses to be seized, as set forth in the Affidavit includes but is not limited to:

1.    Business and personal checks, checking, savings and other financial institution account statements, deposit, withdrawal and ATM slips, credit/debit card slips and statements, credit/financing applications and statements, credit identifications, account numbers, purchase records for supplies or equipment, access numbers, storage facility rental agreements and/or contracts, keys to storage lockers, US Mail depository access keys, any photographs of known or unknown persons and co-conspirators, correspondence with or related to other co-conspirators, financial instruments.

2.    Computer or other electronically or magnetically stored data concerning the above information, together with all software programs and manuals and peripheral hardware used to manipulate or retrieve such data located at the premises including but not limited to: desktop computers, laptop computers, Palm Pilots or other hand-held computing devices, central processing units (CPUs), servers, internal and external hard drives and floppy disk drives, Zip drives and Zip disks and any other data compression storage devices, other tape storage devices, and other hardware used to retrieve, manipulate, store, access or print information. In connection with this item the investigation intends to employ the following procedures:

The computer(s) and all related computer items such as the CPU, hard drives, manuals, or books which provide instructions, all floppy disks, software programs, hard disks and other storage media, will be moved to the safekeeping of the Metropolitan Police Department or the Federal Bureau of Investigation to permit examination of the contents of the hard drive files and other storage media (such as floppy disks) to search for and separate out the magnetically stored documents described in this Attachment.

All of the above and any other evidence being fruits, instrumentalities and evidence of violations of Title 18, United States Code, Sections 152.